**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bonnie Riendeau; Walter Olson, ) | No. CV-12-0988-PHX-FJM |
| )  Plaintiffs, ) | **ORDER** |
| ) vs. ) | |
| ) Apache Carson Partners LP, et al., ) | |
| )  Defendants. ) | |
| ) | |

The court has before it plaintiffs' motion to conditionally certify class (doc. 34), defendants' response (doc. 37), and plaintiffs' reply (doc. 39).

**I**

Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, covered employees are entitled to receive overtime wages at a rate of one and one-half times their regular hourly rate for hours worked in excess of 40 per week unless they qualify for an exemption. The FLSA exempts from its minimum wage and maximum hour requirements "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). Plaintiffs assert that defendants willfully violated the FLSA by failing to pay overtime wages to current and former Dollar Self Storage on-site property managers ("Managers"), although they consistently worked in excess of 40 hours per week.

The FLSA also requires employers to maintain accurate timekeeping records for their

employees. 29 C.F.R. § 516.1. Plaintiffs allege that defendants violated the FLSA by requiring Managers, including the named plaintiffs, to turn in time-sheets that underreported the number of hours worked, as part of the effort to avoid paying overtime wages. Compl. ¶¶ 63-64.

Defendants are owners and/or operators of 14 self storage facilities operating under the name Dollar Self Storage. Plaintiff Riendeau was a Manager for Dollar Self Storage #6 in Apache Junction, Arizona, from September 2008 through August 2011. Plaintiff Walter Olson was a Manager for Dollar Self Storage #1 in Tucson, Arizona, from July 1, 2010 through June 15, 2011, and at Store #6 from 2004 through August 2008. Plaintiffs seek to conditionally certify a class of current and former Managers who have not been paid their legally required overtime wages in the 3 years preceding this lawsuit in violation of 29 U.S.C. § 216(b).

## II

29 U.S.C. § 216(b) authorizes an employee to bring an action on behalf of himself and similarly situated employees to recover unpaid overtime wages. See Hoffman-La Roche v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482, 486 (1989). Individuals who wish to join a collective action must consent in writing. 29 U.S.C. § 216(b). Certification under the FLSA generally occurs in two stages. At the first stage, we consider pleadings and declarations to determine whether the proposed class members are "similarly situated" employees, such that they are eligible to receive notice of the pending action. The standard for showing that employees are similarly situated is "fairly lenient" as this initial notice stage. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1261 (11th Cir. 2008). Plaintiffs must demonstrate a reasonable basis for asserting that a proposed class of employees is similarly situated. Id. They must show some "factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice." Taylor v. Autozone, Inc., 2011 WL 2038514, at *1, 10-CV-8125-PCT-FJM (D. Ariz. May 24, 2011) (citations omitted). If plaintiffs can demonstrate that members of the proposed class are similarly situated, we will conditionally certify the class and direct notice to potential class

- 2 -

1 members informing them of their right to join the collective action.

2 The second stage of the certification process occurs at or close to the completion of 3 discovery and is generally triggered by defendant's motion for decertification. Evaluating 4 a more developed record, a court will conduct a detailed inquiry into whether the named 5 plaintiffs and the opt-in plaintiffs are indeed similarly situated such that collective treatment 6 is appropriate. We do not review the merits of the plaintiffs' claims at either stage of the 7 certification process.

**III**

9 Plaintiffs contend that the proposed class members are similarly situated because they 10 perform the same duties. They market and rent storage units, interface with customers, 11 answer the telephone, process payments, enter data for company-required reports, order 12 supplies, assure gate function and customer access to units, perform cleaning, painting and 13 other maintenance, patrol the grounds, respond to alarms, and make bank deposits. These 14 duties are the same for all Managers. In addition, all Managers are directly supervised by 15 defendant Stadium Properties. Defendant Robert Mister was responsible for hiring and 16 setting salaries for all Managers. And all Managers are alleged to routinely work in excess 17 of 40 hours per week but do not receive overtime pay.

18 Defendants do not dispute that the duties performed by the Managers are similar. 19 Instead, they argue that the Managers are not similarly situated because some Managers are 20 classified as exempt under the FLSA, while others are classified as non-exempt. Although 21 the Complaint alleges that both named plaintiffs are improperly classified as exempt, Compl. 22 ¶ 42, plaintiffs have since learned that plaintiff Olson is actually classified by defendants as 23 non-exempt. Defendants argue that the issues presented by the two groups of employees are 24 too dissimilar to support class certification. Exempt Managers must first establish that they 25 are improperly classified as exempt before they can show that they are eligible for overtime 26 pay, while the non-exempt Managers will not have to challenge their assigned status. But 27 differences among class members does not preclude collective treatment when a particular 28 policy or practice in violation of the FLSA affects all members. A court can certify a class

of employees who are entitled to overtime wages, with subclasses of employees classified as exempt or non-exempt.

Here, the putative class members are similarly situated in that they perform similar duties, and regularly work over 40 hours a week but do not receive overtime pay. Plaintiffs' overarching claim is that (1) all Managers should be classified as non-exempt, and (2) defendants have an ongoing centralized policy to not pay Managers overtime wages. The initial inquiry will be whether Managers, working as a team or individually, should be classified as non-exempt. If so, the inquiry turns to whether these Managers worked in excess of 40 hours a week without overtime compensation. These allegations are sufficiently similar and supported to show at this initial stage that potential members "were together the victims of a single decision, policy, or plan." Sperling v. Hoffmann-La Roche, Inc., 118 F.R.D. 392, 407 (D.N.J. 1988). Collective treatment of these issues will most efficiently conserve the parties' resources and resolve common issues of law and fact. See Hoffman-La Roche, 493 U.S. at 170, 110 S. Ct. at 486. We conclude that plaintiffs are similarly situated to other property Managers such that conditional certification and notice to potential class members are appropriate.

**IV**

Defendants present several objections to the form of the proposed notice. They first challenge the proposed time frame in the definition of the class. A willful violation of the FLSA provides for a three-year statute of limitations period. 29 U.S.C. § 255(a). Based on allegations of willful and knowing violations, plaintiffs suggest a class of Managers employed by defendants for the three-year period prior to the date the Complaint was filed.

We conclude that for purposes of conditional certification, plaintiffs have sufficiently alleged a willful violation of the FLSA for defendants' failure to pay overtime wages. Therefore, a three-year time frame is appropriate. Class members are deemed to have joined the action, for statute of limitations purposes, once they have filed a written consent to join with the court. 29 U.S.C. § 256(b). Therefore, plaintiffs may notify potential class members employed by defendants over the three-year period prior to the date of this Order.

1  Defendants also challenge the section of the proposed notice that requires opt-in class
2  members to agree to be represented by the same lawyer representing the named plaintiffs.
3  Without persuasive authority or discussion, defendants argue that potential class members
4  should be advised that they may contact any lawyer of their choosing. We disagree. While
5  plaintiffs may contact any lawyer of their choosing, if they choose to be part of this action,
6  they will be represented by plaintiffs' counsel.

7  Finally, defendants suggest that the opt-in consents should be returned to the court,
8  as opposed to plaintiffs' counsel. Plaintiffs' counsel is better equipped to perform the
9  administrative task of collecting and documenting the consents. Plaintiffs can collect the opt-
10 in consents and provide notice to the court at the conclusion of the opt-in period.

**V**

12 **IT IS ORDERED GRANTING** plaintiffs' motion for conditional FLSA class
13 certification (doc. 34).

14 **IT IS FURTHER ORDERED** that within 14 days of the entry of this Order,
15 defendants shall produce to plaintiffs' counsel, in Microsoft Excel format, the names, dates
16 of employment, and all known addresses, telephone numbers, and email addresses of all
17 current and former Managers employed at any Dollar Self Storage for the three-year period
18 prior to the date of this Order.

19 **IT IS FURTHER ORDERED** that within 30 days from the date of this Order,
20 plaintiffs shall mail notice of this action to all potential opt-in plaintiffs in the form of the
21 proposed notice attached as exhibit 7 to plaintiffs' motion for conditional certification (doc.
22 34), except that the notice shall be modified so as to identify the opt-in deadline set forth
23 below.

24 **IT IS FURTHER ORDERED** that opt-in plaintiffs shall have 45 days from the

1  mailing of the notice to file opt-in letters with plaintiffs' counsel.  Counsel will collect the
2  opt-in consent forms and file notice of those forms with the court upon the expiration of the
3  opt-in period.
4     DATED this 31st day of May, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge