1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Bonnie Riendeau, et al.,            )   No. CV-12-00988-PHX-FJM
                                        )
10                Plaintiffs,           )   **ORDER**
                                        )
11  vs.                                 )
                                        )
12                                      )
    Apache Carson Partners LP, et al.,  )
13                                      )
                  Defendants.           )
14                                      )
    _____)
15

16

17          Before the court is the parties' joint motion to approve settlement agreement and

18  dismissal of lawsuit, and joint motion to stay pending deadlines (doc. 76).  The parties have

19  submitted a proposed settlement agreement under which the named plaintiffs and the one opt-

20  in plaintiff will receive a total of $83,000 in stipulated damages.  The proposed settlement

21  agreement also provides that plaintiffs' lawyers will receive a total of $113,000 in attorney's

    fees.  We have concerns about the fairness of the proposed attorney's fees.
22

23          First, the amount of the stipulated attorney's fees is in excess of 136% of the total

24  damages awarded to plaintiffs.  The "disparity between the value of the class recovery and

25  class counsel's compensation raises at least an inference of unfairness."  See In re Bluetooth

    Headset Prods. Liab. Litig., 654 F.3d 935, 938 (9th Cir. 2011).  Moreover, we note that the
26
    named plaintiffs entered into fee agreements with class counsel whereby counsel was entitled
27
    to receive up to 40% of any gross recovery.  Obviously, the proposed attorney's fee award
28

vastly exceeds the parties' agreed upon fee payment.  Without more, we cannot satisfy our independent obligation to ensure that the fee award is not unreasonably excessive in light of the results achieved.

Therefore, **IT IS ORDERED** that the parties shall submit, on or before December 12, 2013, a memorandum, not exceeding 5 pages in length, and providing support for the reasonableness of the requested fee.

**IT IS FURTHER ORDERED DENYING** the parties' joint motion seeking to stay pending Rule 16 deadlines (doc. 76).  Our Rule 16 order clearly provides that no extensions will be given due to settlement negotiations.  See doc. 27 at 1.

DATED this 9th day of December, 2013.

_Frederick J. Martone_

Frederick J. Martone
Senior United States District Judge