**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bonnie Riendeau, et al., ) | No. CV-12-00988-PHX-FJM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Apache Carson Partners LP, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

We have before us the parties' joint motion to approve a settlement agreement (doc. 76), and the parties' joint memorandum in support of the reasonableness of attorney's fees (doc. 78). The proposed settlement agreement provides for a total of $83,000 in damages and $113,000 in attorney's fees. We requested additional briefing on the reasonableness of the fee request given the disparity between the damages awarded to the plaintiffs' class and class counsel's requested compensation. Class counsel contends that the fee request was calculated using the lodestar method, because a "percentage of recovery" calculation would not produce a reasonable fee given the relatively small class recovery.

The Fair Labor Standards Act (FLSA) provides for a mandatory award of reasonable attorney's fees and costs to encourage private litigants to act as "private attorneys general" to enforce FLSA standards. Although a disparity between the value of the class recovery and class counsel's compensation raises "at least an inference of unfairness," In re Bluetooth

1  Headset Prods. Liab. Litig., 654 F.3d 935, 938 (9th Cir. 2011), such an award is not *per se*
2  unreasonable. See City of Riverside v. Rivera, 477 U.S. 561, 574, 106 S. Ct. 2686, 2694
3  (1986) (rejecting the argument that fee awards under 42 U.S.C. § 1988 must be proportionate
4  to the plaintiff's damages).

In applying a lodestar calculation, we consider "the number of hours reasonably expended on the ligation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939 (1983). Lead counsel Pruitt's hourly rate is $300.00, associate counsel Hill's hourly rate is $195.00, and paralegal Fairbanks' hourly rate is $125.00. We consider these rates to be reasonable in the Phoenix market given the expertise of counsel.

Counsel expended 836.5 hours on this case, for total fees of $134,967.00, and $7,114.21 in costs. We think this is excessive. Reviewing the billing detail, we note that an inordinate number of hours was spent by paralegal Fairbanks drafting the complaint, effecting service of process, drafting discovery requests and initial disclosures, drafting the motion for class certification and mediation memorandum, and preparing a spreadsheet of damages. Although plaintiffs will receive all or more than their damage estimates, thereby obtaining excellent results, lawyers have a professional obligation to consider the amount of a potential recovery in relation to the amount of time and effort expended on a case. The expenditure of 836.5 hours of legal work on a relatively simple case that was settled before dispositive motions were filed is excessive.

Therefore, we reduce by half the number of hours billed by paralegal Fairbanks, for a reduction of $38,475.00. We note that class counsel has already agreed to reduce their fee request by $29,081.00. Therefore, we reduce the requested fees by an additional $9,394.00.

**IT IS ORDERED GRANTING IN PART** plaintiffs' motion for attorney's fees (doc. 76) and awarding fees and costs in the amount of $103,606.00. As amended, **IT IS ORDERED GRANTING** the joint motion to approve settlement (doc. 76). It is further

1  **ORDERED DISMISSING** this action with prejudice, with each party to bear its fees and
2  costs except as provided in this order.
3        DATED this 19th day of December, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge